NANCY P. LINSCOTT, in equity,

*vs.*

JOHN S. LINSCOTT and another.

Waldo. Opinion April 10, 1891.

*Deed. Reformation. Mistake. Evidence.*

The law requires great caution to be observed in accepting oral evidence to effect the alteration of such important instruments as deeds, especially when the testimony comes from parties, and persons in close affinity with them; and the evidence to prevail should be clear and strong, satisfactory and conclusive.

The proof falls short of the required standard, when the allegation is that a deed, made in 1868, omitted by mistake to include two parcels of land that were bargained for with those conveyed, the complainant and her husband asserting that they did not discover the mistake until lately, although the deed was read over to them at its date, and although some years ago, it was ascertained that the deed included a parcel that was not intended to be conveyed, a mistake that was corrected by a reconveyance for a consideration paid for it; it further appearing that the circumstances favoring the complainant's contention are no stronger than those making against it, and that the testimony on the two sides is equally positive, that for the complainant being greater in amount, but of no greater weight or probability than the testimony produced by the defendant.

ON REPORT.

Bill in equity heard on bill, answer and proof.

The case is stated in the opinion.

*J. Williamson*, for plaintiff.

*W. H. Fogler*, for defendant.

PETERS, C. J.   We are of the opinion that this bill should not be sustained.   It seeks to reform a deed of a farm in Palermo, made as long ago as 1868, from defendant to complainant, by incorporating into the description two parcels of adjacent land alleged to have been omitted from the deed by mutual mistake.

The case discloses that the grantor was at the time a resident in California, having an agent here in the person of his brother, who, though temporarily here, also belonged in California.   The agent made the bargain and executed the deed under the authority of a power of attorney to sell any of the real estate of the defendant in Waldo county.   The complainant and her husband and a female relative testify that the deed was to include the two omitted parcels, as the bargain was talked between the parties.   Another witness, a family friend, heard declarations to that effect from the agent.   The witnesses swear strongly, and still there is lacking in their testimony that manner of statement which impresses belief.   The husband and wife both say that the deed and mortgage back, neither of them including the parcels in question, were read in their presence by the magistrate who wrote them, now deceased, and that they did not notice the omission, though they do not tell us why they did not.   The parcels are known as parts of lots nine and ten.   They say that they did not discover that the two pieces were not included in the conveyances until about three years ago.

For the defendant, the brother who acted as negotiator and executed the deed, denies the material statements of complainant's witnesses, giving a straightforward account of the transactions, and a neighbor of the complainant testifies that her husband several times said to him, he wanted either to purchase the two parcels or sell a parcel of his own adjoining them.

It appears that the two tracts, when the deed was made, were in possession of the step-mother of the defendant, having been

set off to her for her dower, and she was living on one of them. She died in January, 1876. The complainant alleges that she, (complainant) with her husband has been in possession of the places ever since January, 1876, paying taxes on them. The possession may be accounted for by the fact that the absent owner neglected it, though there was not much to possess outside of a wooded growth, and it does not satisfactorily appear that any taxes were paid by complainant. The tracts were not assessed at all when the widow occupied them, as the cultivation had run out and the buildings were nearly good for nothing. The complainant was taxed for all her land by the quantity or acres, not by particular description, and if she paid taxes on this property it was because she and her husband assumed ownership to themselves. They were appropriators, not owners.

But the case is not without circumstances, pointing a way to the proper solution of the conflicting evidence. The deed in question is one of warranty. The defendant would probably not have given such a deed of legally incumbered premises. And if the reversion only was to be conveyed, it would be the more noticed if not described in the deed. Then the scrivener, used to such business, writing the deed at the dictation of both parties, would hardly make a mistake, if he understood the parties correctly. But the significant circumstance, not easily explainable on complainant's theory, is that, in 1874, it was discovered that the defendant had included in his deed a part of lot 19, which he did not own, and the parties rectified the mistake by the complainant releasing that tract and receiving as compensation for it a deed of lot fifteen, another parcel owned by defendant in the same vicinity. And the complainant and husband undertake to say that even then they were not aware of the alleged error in their deed which they now seek to have corrected.

The caution which the law requires to be observed in accepting oral evidence to effect the alteration of written instruments of so high a character as deeds, especially where the testimony comes from parties and those in affinity with them, adds strength to the argument against the claim of the complainant. As was·

said in *Parlin* v. *Small*, 68 Maine, 289 ; and the same idea of
expediency may be found expressed in several of our cases. "A
deed should not be battered down for alleged deceits or misun-
derstandings, unless the proof of them is clearly and abundantly
established. The plaintiff must prevail, not only upon a
preponderance of evidence, but such preponderance must be
based on testimony that is clear and strong, satisfactory and
convincing." The present case falls short of such requirement..

*Bill dismissed with costs.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ.,.
concurred.